IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **ESTER & ADAM JONES** | § § § | |
| v. | § § | NO. 1:11-CV-266 |
| **AETNA LIFE INSURANCE COMPANY** | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Court referred this matter to the Honorable Earl S. Hines, United States magistrate judge, for all pretrial matters pursuant to a Referral Order entered on May 26, 2011. On August 9, 2011, this case was reassigned to United States Magistrate Judge Zack Hawthorn. The Court has considered and received the report (Docket No. 46) of the magistrate judge, who recommends that the Court grant Defendant Aetna Insurance Company's (Aetna) "Second Motion to Dismiss" (Docket No. 39). Specifically, the magistrate judge recommends that the following claims should be dismissed without prejudice: (1) Ester Jones's claims under ERISA §§ 502(a)(2) and 510; (2) Adam Jones's ERISA claims; (3) Ester and/or Adam Joneses' state law claims for misrepresentation, promissory estoppel, extra-contractual damages, and punitive damages; and (4) Ester and/or Adam Joneses' ERISA-estoppel claims, if any. The magistrate judge further recommends that the following claims should be dismissed with prejudice: (1) Ester Jones's claim under ERISA § 502(a)(3); and (2) Ester and Adam Joneses' state law claims for breach of contract and breach of the duty of good faith and fair dealing, if any.

On April 16, 2012, Aetna filed its "Objections" (Docket No. 47) to the report and recommendation. The sole basis of the objections is that the magistrate judge should have dismissed all of the above claims with prejudice. (Objections, at 2, Docket No. 47.) Pursuant to these

objections, the Court has conducted a de novo review of the magistrate judge's decision to dismiss some claims without prejudice. See 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(3). After careful consideration, the Court concludes that the magistrate judge correctly determined that those claims should be dismissed without prejudice and that the Joneses should have an opportunity file a second amended complaint.

The claims that the magistrate judge recommended to be dismissed without prejudice are claims that the Joneses could conceivably support through more detailed factual allegations. (Report and Recommendation, at 6-8, 10-11, Docket No. 46.) These claims were not subject to Aetna's first motion to dismiss, and therefore, the Joneses have not had an opportunity to replead these claims. (See id.) Accordingly, the magistrate judge recommended that the Joneses should be given leave to file a second amended complaint. (Id.)

Aetna objects to this recommendation because the Joneses have already had an opportunity to file an amended complaint. (Objections, at 6-15, Docket No. 47.) Aetna further argues that the claims at issue are frivolous and cannot be proven. (Id.) In the present case, the latter argument is more appropriate in the context of a motion for summary judgment, where the Court may look to the evidence, if any, supporting the Joneses' claims.

Generally, a court should not dismiss a claim with prejudice without giving the plaintiff an opportunity to amend the pleading. See Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977). "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case . . . ." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). However, "[a]t some point a court must decide that a plaintiff has had a fair opportunity to make his case . . . ." Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986).

Here, the Joneses have not had an opportunity to replead the claims at issue. The Joneses did not assert these claims until after the Court granted Aetna's first motion to dismiss. (See Pls.' Am. Compl., Docket No. 34.) Moreover, in their response (Docket No. 44) to Aetna's second motion to dismiss, the Joneses specifically requested leave to file a second amended complaint with more detailed factual allegations. (Pls.' Resp., at 10, Docket No. 44.) Such leave will not result in undue delay or prejudice to Aetna. If these claims are truly unsupportable, as Aetna suggests, Aetna will still have an opportunity to dismiss any amended claims via summary judgment. (See Docket No. 48.) Accordingly, the Court's independent review confirms that the magistrate judge's analysis is correct.

The report and recommendation (Docket No. 46) of the magistrate judge is **ADOPTED**, and Aetna's "Second Motion to Dismiss" (Docket No. 39) is **GRANTED**. The following claims are **DISMISSED with prejudice**: (1) Ester Jones's claim under ERISA § 502(a)(3); and (2) Ester and Adam Joneses' state law claims for breach of contract and breach of the duty of good faith and fair dealing, if any. The following claims are **DISMISSED without prejudice**: (1) Ester Jones's claims under ERISA §§ 502(a)(2) and 510; (2) Adam Jones's ERISA claims; (3) Ester and/or Adam Joneses' state law claims for misrepresentation, promissory estoppel, extra-contractual damages, and punitive damages; and (4) Ester and/or Adam Joneses' ERISA-estoppel claims, if any. It is **further ORDERED** that the Joneses are granted leave to file a second amended complaint within **seven (7) days** from the date of this order with more detailed factual allegations supporting the claims that have been dismissed without prejudice.

So **ORDERED** and **SIGNED** this **4** day of **May, 2012.**

_____
Ron Clark, United States District Judge